

United States Courts
Southern District of Texas
FILED

OCT 1 2 2005

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H-05-78 |
| v. | § | |
| | § | |
| CHRISTOPHER WILLIAMS | § | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

## TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, represented by the undersigned Assistant

United States Attorney, files this Sentencing Memorandum pursuant to Title 18,

U.S.C., § 3553 (a), which set forth factors to be considered in imposing a sentence.

For reasons set forth below, the United States respectfully requests the Court to

sentence the defendant within the Guideline range as determined by the United

States Probation Officer in the Presentence Investigation Report.

### Plea of Guilty and Findings

1.     On May 18, 2005, the defendant pled guilty to both counts in the District of

Nevada indictment, which was transferred to the Southern District of Texas

pursuant to Rule 20.  The indictment  charged one (1) count of receipt of child

pornography and one (1) count of possession of child pornography.  *See PSR,*

*Para. 1-3, P.3.*

A.  As reflected in the PSR, the defendant received and was in possession of images of young children, many under 12 years old, engaged in various sexual acts with adults and other minors and the lascivious exhibition of genitals. Some of the defendant's collection of images of children were known identified child victims of sexual assault.

B.  Over 1000 still images were found in as many or more image files as some files contained collages or multiple images.  Images saved by the defendant included children involved in beastiality, bondage and sexual intercourse with adults.

C.  The defendant, in his statement to agents after his arrest on state charges in December, 2003, admitted that he possessed images of child pornography on his computers.  He denied having pictures of his students at his residence, which agents later found to be a lie.  He indeed had photographs of several boys from the Houston high school that he taught at before moving to Las Vegas.  Those pictures show the minor boys engaged in the lascivious display of their genitals.

D.  Williams also had a great number of movies or avi/mpegs on his computers that showed prepubescent boys engaged in sexual activity either with adults or other minor boys.  The titles of some of those movies include references

to ages and the content of the movies: "7yo_with_lil_boy_fuck", "12yb & m",

"lilmouthlildick", "blondefuck", "13blo15kenjo", "bb7 04" as examples.

E.  A listing of these movie titles was provided to the defense and by their

very file name shows the defendant had knowledge that the images he was

receiving and possessing depicted children under the age of 12 engaged in sexual

acts that constitute acts of violence (See *United States v. Lyckman*, 235 F.3d 234,

238-239, (5th Cir. 2000) (citing 2nd, 7th and 11th Circuit cases and *United States v.*

*Canada*, 110 F.3d 260, 262 (5th Cir. 1997), holding that images showing children

in bondage, with objects inserted in them or having sexual intercourse with an

adult male constitute acts of violence).

F.  Contrary to the defendant's assertion that he did not knowingly receive

or possess images that showed prepubescent minors or children under the age of

12 years or engaged in sadistic, masochistic or other acts of violence, the mere

receipt of those types of images is sufficient to establish the applicability of the

sentencing enhancements listed in the PSR at paragraphs 6, 17, 18 and 29.  See

*United States v. Canada*, 110 F.3d 260, 262, 264 (5th Cir. 1997).

G.  As the U.S. Probation Officer accurately points out, the Court in *United*

*States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995) found the evidence sufficient to

uphold the sentencing enhancements (under age 12 images and images with

bondage or acts of violence) since the images were found in files that had titles descriptive of the depictions in the images. Such is the case before this Court. Mr. Williams had sufficient notice and knowledge that among his thousands of images of child pornography there were ones showing prepubescent children engaged in sexual intercourse. His objection to the application of USSG Sections 2G2.2(b)(1) and 2G2.2(b)(3) should be overruled.

H. Mr. Williams by his statements and assertions seems to be not accepting responsibility for his conduct and the offenses of conviction. There is no evidence, for example, that he deleted or attempted to delete any of the images he now conveniently complains of a lack of knowledge of their content. As the *Canada* court pointed out, mere receipt of the photographs showing children under the age of 12/prepubescent engaging in sexual intercourse with an adult is sufficient to trigger the application of the sentencing enhancements in USSG Sections 2G2.2(b)(1) and 2G2.2(b)(3).

## Sentencing Factors

2.     On January 12, 2005, the Supreme Court handed down its decision in *United States v. Booker and United States v. Fanfan*, 2005 WL 50108 (Jan. 12, 2005). These cases involved the constitutionality of the United States Sentencing Guidelines (*USSG*). The key holding in the cases is that the U.S. Sentencing

Guidelines are no longer mandatory guidelines for U.S. District Courts to abide by in sentencing defendants. Rather, the Guidelines are advisory and the courts must consult the Guidelines and take them into account in determining the appropriate sentence in every case. The courts must also consider other factors set out in Title 18, U.S.C., § 3553(a). Therefore, the courts are required to impose a sentence which reflects the seriousness of the offense, which promotes respect for the law, which provides just punishment for the offense, that deters criminal conduct, that protects the public from further crimes by defendant(s) and provides defendants with needed training, medical care, or other correctional treatment.

3.     The Courts must also consider the following factors set forth in Title 18 U.S.C. § 3553(a)(2):

a. the nature and circumstances of the offense;

b. the history and characteristics of the defendant;

c. the purposes of sentencing as mentioned above;

d. the kinds of sentences available;

e. the sentencing range set out by the Sentencing Guidelines;

f. the need to avoid unwarranted sentence disparities among similarly situated defendants; and

g. the need to provide restitution to any victims.

The district court's sentence is reviewable on appeal for reasonableness.

## Analysis and Recommendations

4.      Nature and Circumstances of the Offenses.

One need only look at the images and movies to know that the offenses for which the defendant has been adjudged guilty of are crimes of violence. Real children were sexually abused and photographed, their humiliation at the hands of adults sent all across the world. Consumer demand for more and different images among groups and websites on the world wide internet fosters the creation of more images by other pedophiles who molest, photograph, and upload for all to see the depravity they have wreaked upon innocent children. The serious and long lasting effects of such actions, from the original molestation to the continued receipt and possession of these images repeatedly victimize those children shown in the images. Mr. Williams had thousands of these images on his computers and many graphic movies showing children being sexually assaulted.

5.      Given the degree of violence depicted in the huge number of child pornography images possessed (over 1000 still photographs and over 84 movies) and received (172) by the defendant, it is clear that the defendant's sentence must be of a degree which reflect the seriousness of the offenses. Over the last 2 years, in the Houston and Galveston Divisions of this district, the U.S. Atttorney's Office

has prosecuted over 20 persons for offenses involving the exploitation of children. A number of these persons were charged with possession, receipt and distribution of child pornography in the same manner as Mr. Williams.  Only four other defendants had substantially more images on their computers than Mr. Williams. The Sentencing Commission, in its April, 2003 revision of the USSG Sections 2G2.2 and 2.4 guideline, created graduated levels of enhancements based on the number of images (the greatest category being over 600 images).  The commentary to 2G2.4 notes that if the offense involved a large number of visual depictions, an upward departure may be warranted, regardless of whether section (b)(2) applies.

<u>History and Characteristics of the Defendant</u>

6.  The defendant is not a truth teller whose word can be relied on by the Court when deciding if he really is far along the path to accepting responsibility and rehabilitation.  He lied to investigators when they asked him in early December, 2003 if he was in possession of photographs of students.  Later photographs of students from his school in Houston were found in his apartment.  The defendant (in his letter objections to the PSR) now characterizes those images of boys displaying their genitals for the camera as childish pranks.  It is interesting to note that in a recent review of the forensic examination, images similarly showing young teen boys pulling out their genitals for the camera were also found.  The

defendant now says he tried to delete some of the images found on his computers in Las Vegas. There is no evidence of images in the deleted bin or in the unallocated space on the defendant's computer. His belated statements (in his supplemental Oct. 6, 2005 letter of acceptance of responsibility) explaining how he "accidentally" received images of children under age 12 and engaged in bondage or acts of violence belies acceptance. He is minimizing his involvement in collecting and saving hundreds and hundreds of images that show those depictions in hopes that the Court will reduce the guideline range and his sentence.

7.    The defendant presents himself to the Court as someone who has realized the error of his ways since law enforcement has intervened in his life. He left Houston and sought another teaching and coaching job in Las Vegas in August, 2003 because he realized he had put himself in a bad situation (PSR at para. 39). Yet he still had well over a thousand still images and over 80 movie images of child pornography months later on two computers. He had not deleted them, based on the forensic examination. How can a 32 year old who is college educated not know enough about the computer to delete objectionable material from his computer? Pre schoolers know how to hit the delete button. It is preposterous that Mr. Williams could not have wiped his entire hard drive of images showing prepubescent children engaged in sexual activities, if he had so

desired.  He just chose to maintain his collection as the agents found it on December 5, 2003.

8.    Mr.  Williams family up-bringing is not unusual in this day and age. Divorced parents and a mean father cannot possibly account for the severity and depravity of this defendant's criminal conduct and his illegal sexual activities involving the exploitation of children, especially ones that were entrusted to him as a teacher and coach at Houston's Holy Spirit Episcopal School.  While there have been no reports from Las Vegas students of sexual contact with the defendant in the short time he was at their school, it is important to consider that the grooming of sexual abuse victims sometimes takes more time than the defendant had at his new school.  The credible reports identified in the PSR at paragraphs 34-42 identify a pattern of sexual abuse of children significant enough for this Court to consider in sentencing the defendant for the offenses of conviction.  The Court can consider the other information included in the PSR regarding the pending charges because they led to the discovery of the child pornography and they are consistent with a pattern of conduct involving the sexual exploitation of children.  *USSG § 1B1.4* allows the court to consider without limitation "any information concerning the background, character and conduct of the defendant" in determining the sentence to impose within the guideline range or whether a

9

departure is warranted.

9.    <u>The kind of sentence and the Guidelines' sentencing range established for the applicable category of offense committed by the defendant.</u>

The Guidelines calculations based upon the above mentioned findings in this case are "reasonable" in light of the factors set forth in 18, U.S.C., §3553(a). Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Wilson*, WL 78552 at 1 (D. Utah Jan. 13, 2005) (because the Sentencing Commission has "promulgated and honed the Guidelines" to achieve the purposes of Section 3553(a), "considerable weight should be given to the Guidelines in determining what sentence to impose"). The Court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *Title 18, U.S.C., §3553(a)(6)*. Here, the recommended Guidelines sentence for the defendant is substantial and one that will remove him from the community for a good portion of his adult life. These sentences clearly reflect the seriousness of the offense, provide a just punishment and protect the public. A hopeful result of this sentence is that people, including this defendant, who are considering committing crimes of this nature will be

deterred from doing so.   It is further anticipated they will have a greater degree of respect for the law if a substantial penalty is imposed for this type of offense.

10.     The Court need only consider the victims in this case to justify the Guidelines sentence calculated in the PSR.  The defendant's extensive collection of child pornography consisted of a number of known identified victims that were sexually abused and photographed during that abuse. They are known identified victims because law enforcement has intervened in their case to some extent. These children know they were sexually abused and know that images of this abuse were taken and disseminated on the Internet for the world to see their anguish.  To further this abuse, the photographs of these children have been uploaded to numerous websites, both commercial and user created, and distributed worldwide for others to use for their sexual gratification.  These are sad, broken children, many of whom have by now turned into young adults or adults with even more sad and broken lives.  Currently, the psychological literature supports the position of the United States that significant incarceration as determined by the guideline sentencing range in this case is necessary to protect the public and especially other minors from the defendant's impulsive, compulsive, and high risk activities.  The high recidivism rate for these types of offenders justifies a maximum life term of supervised release, which is what is recommended by the

U.S. Sentencing Guidelines in its policy statement at U.S.S.G. Section 5G1.2(c) and by Congress when they changed the statute in April, 2003 to include a term of supervised release of any term of years or life.

11. The defendant chose to participate in these offenses which depict violent criminal conduct and it was his decision alone. Now he must face the consequences of his pedophilic behavior. That he is now motivated to change his behaviors through counseling and the ambitious forecasting of Dr. Lawson that the defendant, who left her with the diagnostic impression that he is a pedophile but is a good candidate for rehabilitation, is laudable but does not merit a departure from the high end of the guideline range as described in the PSR and the Sentencing Recommendation.

WHEREFORE PREMISES CONSIDERED, the United States respectfully requests this Honorable Court to sentence the defendant in accordance with the Guideline calculation (121-151 months and life supervised release) and

the recommendation of the U.S. Probation Department.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

By:

Martha Minnis
Assistant United States Attorney
TBN 14184100, FBN 31245
(713) 567-9348

## CERTIFICATE OF SERVICE

I have sent a copy of this memorandum to Dick DeGuerin by fax (713-223-9231) on Oct. 12, 2005 and faxed to US PO Joanne Lauder at 713-250-5092.

Martha Minnis
Assistant United States Attorney
TBN 14184100, FBN 31245
(713) 567-9348